IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 12-0298-WS |
| | ) |
| NICKY ARDELL REED, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss. (Doc. 43). The parties have filed briefs in support of their respective positions, (Docs. 43, 45, 48), and the motion is ripe for resolution.

The one-count indictment charges the defendant with failure to register as required by SORNA. The defendant first argues that both 42 U.S.C. § 16913 and 18 U.S.C. § 2250(a) exceed Congress' power under the Commerce Clause. The defendant concedes that controlling Eleventh Circuit precedent forecloses his position. (Doc. 43 at 3). And so it does. *United States v. Ambert*, 561 F.3d 1202, 1210-12 (11th Cir. 2009).

The defendant next argues that Section 16913(d)'s delegation of authority to the Attorney General to determine the applicability of its registration requirement to sex offenders convicted before its enactment violates the non-delegation doctrine under the "intelligible principle" standard. But the answer is the same: the Eleventh Circuit in *Ambert* expressly rejected this argument, 561 F.3d at 1212-14, and the Court is bound by that decision.

The defendant concedes that the "intelligible principle" standard applies in non-criminal cases. His final argument, however, is that in criminal cases the Court should evaluate a non-delegation argument under a "more rigorous … standard," specifically, whether Congress set forth a standard that "meaningfully constrains" the Attorney General's discretion. (Doc. 43 at 5). The *Ambert* Court, however, has already adopted the "intelligible principle" test for criminal defendants' challenges to Section 16913(d), and only a contrary decision of the Supreme Court, the Eleventh Circuit en banc, or a panel sitting prior to *Ambert* could permit the Court to ignore *Ambert*. The defendant

admits there is no contrary Supreme Court or en banc decision. (Doc. 43 at 6). He suggests, however, that a pre-*Ambert* panel adopted the "meaningfully constrains" test. While the Court in *Bourgeois v. Peters*, 387 F.3d 1303 (11th Cir. 2004), used the phrase, *id*. at 1318, it did not employ the term in a more restrictive sense than the "intelligible principle" standard (which test it did not acknowledge). Nor did *Bourgeois* involve a criminal prosecution. It therefore fails to establish the rule for which the defendant contends, leaving *Ambert* as controlling.

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 14th day of May, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE